**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

BRYAN SCOTT LINTON,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

Case No. 05-CR-20037-BC
Civil Case No. 07-CV-15005

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the Petition for Relief Pursuant to 28 U.S.C. § 2255 be **DENIED** and the Respondent's Motion to Dismiss be **GRANTED**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an Order of Reference from United States District Judge David Lawson (Dkt. 71), is the above-entitled petition filed under 28 U.S.C. § 2255 to vacate Petitioner's federal custodial sentence. (Dkt. 69.) The petition was filed on November 26, 2007. Respondent was directed to file an answer (Dkt. 71), and timely filed a Motion to Dismiss the petition, arguing that the Petition is barred by the applicable statute of limitations. (Dkt. 72.) Petitioner filed a Response opposing the Respondents motion. (Dkt.

73.) Upon review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this matter is ready for Report and Recommendation without oral argument.

**B. Procedural History**

On August 30, 2005, the Grand Jury returned an Indictment against Petitioner, charging him with possession of an illegal shotgun, possession of weapons by an illegal drug user, and possession of marijuana. (Dkt. 3.) Approximately two months later, a First Superseding Indictment was filed, which as to Petitioner, added three counts to those of the original Indictment and charged Petitioner and others with conspiracy to possess and distribute methamphetamine. (Dkt. 17.)

After proceedings on a motion by Petitioner to suppress evidence, a Rule 11 Plea Agreement was entered on June 7, 2006. (Dkt. 53.) In that agreement, Petitioner stated his willingness to plead guilty to Count I of the First Superseding Indictment in exchange for the dismissal of the remaining charges. In the worksheets accompanying the plea agreement, a 3-point downward adjustment was suggested for acceptance of responsibility. (*Id.*) The worksheets yielded a Guideline sentencing range of between 78 and 97 months. (*Id.*) Petitioner was sentenced on Thursday, October 26, 2006, by United States District Judge David Lawson, to a term of 72 months imprisonment. Judgment was entered Tuesday, November 7, 2006. (Dkt. 61.) The instant motion to vacate followed.

**C. ANALYSIS AND CONCLUSIONS**

**1. Statute of Limitations**

As mentioned, Respondent argues that this motion is time barred. Petitioner argues it is timely.[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), applies in this case because the petition was filed after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA contains a one-year statute of limitations for petitions seeking to vacate, set aside or correct federal sentences. 28 U.S.C. § 2255.[2] "Prior to this [enactment], a party could bring a § 2255 motion at any time." *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir.1997). The one-year statute of limitations runs from the date on which the judgment of conviction becomes final, pursuant to § 2255(1). When a § 2255 Petitioner does not pursue a direct appeal to the court of appeals, his or her conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 U.S. 424, 428 (6th Cir.2004); *United States v.*

---

[1]Petitioner was aware of this argument when he filed this motion. In the section entitled "Timeliness of Motion," Petitioner presents a lengthy argument, including the citation of case law, supporting his assertion that this motion is timely filed.

[2]28 U.S.C. § 2255 states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

*Cottage,* 307 F.3d 494, 499 (6th Cir.2002). Judgment was entered in this case on Tuesday, November 7, 2006. The judgment therefore became final on Friday, November 17, 2006, upon the expiration of the ten-day period for filing a notice of appeal. Petitioner therefore had one year, until Saturday, November 17, 2007, within which to timely file a motion under § 2255. Petitioner states, under penalty of perjury, that he placed the motion in the prison mailing system on November 20, 2007. (Dkt. 69 at 14.)

Under Sixth Circuit precedent adopting the "mailbox rule," the application is deemed filed, for statute of limitations purposes, when handed to prison authorities for mailing to the federal court. *Houston v. Lack*, 487 U.S. 266, 270 , 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)(establishing mailbox rule for *pro se* filing of notice of appeal by prisoner); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(applying mailbox rule to 28 U.S.C. § 2255(b)(3) motions); *Scott v. Evans*, 116 Fed. App'x 699, 701 (6th Cir. 2004)(unpublished)(applying mailbox rule ti *in forma pauperis* petitions); *Gilbert v. Joyce*, No. 97-3140, 1997 WL 693564 (6th Cir. Oct. 31, 1997)(applying mailbox rule to prisoner civil rights cases). Petitioner dated both the instant motion and his Certificate of Service as Tuesday, November 20, 2007, and in his Reply concedes that this is the date he placed the motion in the prison mail system. (Dkt. 69 at 14; Dkt. 73 at 1.) Thus, I suggest Petitioner's filing occurred after the statute of limitations expired.

Petitioner's arguments to the contrary, as well as his calculation of the limitations period are, I further suggest, flawed. Petitioner argues that the statute of limitations does not "expire until November 22, 2007." (Dkt. 69 at 14.) Petitioner asserts that the judgment was entered on November 8, 2006; however, the docket indicates that it was entered on

4

November 7, 2006. (E.D. Mich. Case no. 2:05-cr-20037, Dkt. 61.) Petitioner recognizes that the date the judgment entered provides the starting date, that he is permitted to add ten days representing the time in which he could have appealed that judgment, and that his motion is deemed filed when he presents it to prison authorities. (*Id.* at 13.) Although he begins with an erroneous date, using the basis he provides for calculating the date on which the statute of limitations would expire, the date of Sunday, November 18, 2007 results. However, Petitioner attests that he placed the petition in the prison mailing system on November 20, 2007, which is untimely even under his own calculation method. In addition, the date Petitioner concedes he handed his motion to the prison authorities is a Tuesday, not Monday, as he alleges. Since November 17, 2007, was a Saturday (and November 18, a Sunday), using either the actual dates or Petitioner's method, the period expired on the next countable day, which was Monday, November 19, 2007, FED. R. CIV. 6(a) . I therefore suggest that Petitioner has failed to file a timely petition and further suggest that the case should be dismissed.

The one-year statute of limitations contained in § 2255 is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S.Ct. 200 (2004); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir.2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002). In *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable

tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has claimed none of the exceptions to AEDPA's one-year statute of limitations, and I can discern none of the "'extraordinary circumstances' beyond a prisoner's control [which would] make it impossible to file a petition on time." *Moore v. Hawley*, 7 F. Supp. 2d 901, 904 (E.D. Mich. 1998). On the contrary, Petitioner set forth the correct manner in which to calculate the expiration of the limitation period, but failed to abide by the rules of which he was fully aware. I therefore suggest that the Petitioner's motion be denied, as it is barred by the one-year statute of limitations contained in AEDPA, and that the Respondent's motion be granted.

**2. Other Issues**

Petitioner also alleges ineffective assistance of counsel. Under the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a claim of ineffective assistance of counsel requires a habeas petitioner to demonstrate that: (1) his attorney's performance was deficient; and (2) the performance prejudiced the defense. *Id.* at 687. In assessing whether counsel's performance was deficient, courts must "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Both prongs of the *Strickland* standard must be met in order to prevail on a claim of ineffective assistance of counsel; therefore, "there is no reason

6

for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. Although *Strickland* was decided almost twenty years ago, the Supreme Court recently reaffirmed that "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims." *Williams v. Taylor*, 529 U.S. 362, 391, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

I suggest that it is extremely unlikely Petitioner's allegations could meet any of these standards. In light of the fact that Mr. Sasse's efforts yielded both a partial grant of a motion to suppress and a sentence below that calculated in the Plea Agreement, I am unable to discern how such vigorous and successful advocacy could be considered ineffective assistance of counsel.

Accordingly, I suggest that even if Petitioner's instant motion is considered timely in some fashion, he is not entitled to the relief requested.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and

Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                s/ *Charles E. Binder*
                                                               CHARLES E. BINDER
Dated: February 29, 2008                          United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Stevens J. Jacobs, Kenneth R. Sasse, Shawn M. Sutton, Barbara C. Tanase, and on Bryan Scott Linton by first class mail, and served on U.S. District Judge Lawson in the traditional manner.

Date: February 29, 2008                          By    s/Patricia T. Morris
                                                                       Law Clerk to Magistrate Judge Binder