UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRYAN SCOTT LINTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

Criminal Case No. 05-CR-20037
Civil Case No. 07-CV-15005

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the Petition for Relief Pursuant to 28 U.S.C. § 2255 be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an Order of Reference from United States District Judge David Lawson (Dkt. 71), is the above-entitled petition filed under 28 U.S.C. § 2255 to vacate Petitioner's federal custodial sentence. (Dkt. 69). The petition was filed on November 26, 2007. Respondent was directed to file an answer, and timely filed a motion to dismiss the petition, arguing that it is barred by the applicable statute of limitations. (Dkt. 72). Petitioner filed a response opposing Respondent's motion. (Dkt. 73). After issuance of a Report and

Recommendation, the matter was remanded for further proceedings. (Dkt. 82). Upon review of the present record, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this matter is ready for report and recommendation without oral argument.

**B.    Procedural History**

On August 30, 2005, the Grand Jury returned an Indictment against Petitioner, charging him with possession of an illegal shotgun, possession of weapons by an illegal drug user, and possession of marijuana. Approximately two months later, a First Superseding Indictment was filed as to Petitioner, which added three counts to the original Indictment, charging Petitioner and others with conspiracy to possess and distribute methamphetamine. (Dkt. 17).

Shortly thereafter, Petitioner's appointed counsel, Assistant Federal Defender Kenneth Sasse, filed two motions to suppress. (Dkt. 33, 34). The motions were granted in part, and marijuana seized from an auto and statements made by Petitioner prior to being ready his *Miranda* rights were suppressed. (Dkt. 39). Thereafter, a Rule 11 Plea Agreement was entered on June 7, 2006. (Dkt. 53). In that agreement, Petitioner stated his willingness to plead guilty to Count I of the First Superseding Indictment in exchange for the dismissal of the remaining charges. In the worksheets accompanying the plea agreement, a 3-point downward adjustment was suggested for acceptance of responsibility. (*Id.*) The worksheets yielded a guideline sentencing range of 78 to 97 months. (*Id.*)

Petitioner was sentenced on October 26, 2006, by United States District Judge David Lawson to a term of 72 months' imprisonment.[1] Judgment was entered on November 7, 2006. (Dkt. 61). No direct appeal was filed; instead, the instant motion to vacate followed. On February 29, 2008, I issued a Report and Recommendation ("R&R") suggesting the denial of the motion to vacate and the grant of a motion by the Government to dismiss the Petition. (Dkt. 75). Initially, the Report and Recommendation was adopted. (Dkt. 79). After receiving additional objections (Dkt. 80), Judge Lawson granted the objections and remanded the case to this Magistrate Judge for consideration of the merits of the Petition. (Dkt. 82.)

**C.    Governing Law**

**1.    28 U.S.C. § 2255**

In order to prevail on a § 2255 petition, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A § 2255 petition is not a substitute for a direct appeal. When a petitioner raises a claim under § 2255 that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). However, the Sixth Circuit has held that a post-conviction motion under § 2255 is the proper vehicle for

---

[1] This sentence is 6 months less than that suggested in both the Plea Agreement worksheets and the Presentence Investigation Report.

3

raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

      **2.**      **Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Id*. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, 506

U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (quotations and citations omitted).

### D. Petitioner's Claims of Ineffective Assistance and Respondent's Reply

Petitioner raises two grounds in support of his assertion of ineffective assistance. First, he argues that Attorney Sasse failed to object to a two-point increase in Petitioner's criminal history guideline scoring**.** (Dkt. 69 at 4). Petitioner's second contention is that Attorney Sasse failed to object to a two-point weapon possession enhancement under Sentencing Guideline 2D1.1(b)(1). (Dkt. 69 at 5). Respondent argues that Petitioner was capably represented at every stage, and that neither argument can support the grant of habeas relief.

### E. Analysis and Conclusions

#### 1. Criminal History Guideline Scoring

As mentioned, Petitioner raises this contention in his petition and argues more specifically in his "Exceptions" to the earlier R&R that Amendment 709 "invalidates the inclusion of the two criminal history points assessed upon [Petitioner] under Guideline 4A1.2." (Dkt. 80 at 4). Both parties agree that the amendment went into effect on November 1, 2006. Judgment was entered November 7, 2006 (Dkt. 61), however, sentence was pronounced 11 days earlier on October 26, 2006. (Dkt. 87). Thus, the amendment was not

5

in effect on the day of Petitioner's sentencing hearing, and I can find nothing indicating that the amendment was to have retroactive effect. Although the judgment was entered after the effective date of the amendment, sentence was pronounced before the amendment became effective, and neither counsel has any control over the timing of the Court's entry of judgment. As a result, I am entirely unable to perceive how Attorney Sasse could be ineffective for failing to advance an argument relating to an amendment to the Sentencing Guidelines that was not in effect on the day of the sentencing hearing.[2] I therefore suggest that the petition cannot granted on this ground.

### 2. Two-Point Gun Enhancement

Petitioner argues that Attorney Sasse was ineffective for failing to object to a two-point enhancement for possession of a weapon. *See* U.S.S.G. § 2D1.1(b)(1). Review of the record, however, conclusively refutes Petitioner's assertion. The transcript of the sentencing hearing clearly shows that not only did Attorney Sasse reiterate an objection to this enhancement made earlier in response to the Presentence Report (Trans., Dkt. 87 at 3), he cross-examined witnesses called by the Government (*id.* at 21-26, 30-33), called Petitioner himself to testify (*id.* at 35-40), and argued against the imposition of this enhancement prior to the imposition of sentence. (*Id.* at 48-49.) The fact that he was unable to prevail with the sentencing judge has no bearing on the effectiveness of his representation of Petitioner. I therefore suggest that the Petition cannot be granted on this ground.

---

[2] In addition, as previously mentioned, Petitioner failed to perfect a direct appeal on this, or any other issue.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                               s/ *Charles E Binder*
                                               CHARLES E. BINDER
Dated: September 29, 2008           United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Stevens J. Jacobs, Kenneth R. Sasse, Shawn M. Sutton, and Barbara C. Tanase; served by first class mail on Bryan Scott Linton, #26430-039, at FPC Duluth, 6902 Airport Rd., Duluth, MN, 44814; and on U.S. District Judge Lawson in the traditional manner.

Date:  September 29, 2008                 By      s/Patricia T. Morris
                                                   Law Clerk to Magistrate Judge Binder